JAMES CAMPBELL, Plaintiff in Error.

*vs.*

JONATHAN MOORE, Adm'r of the estate of Locke, deceased, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF GRANT COUNTY.

The general rule is, that after the evidence of the defendant is closed, the plaintiff will be confined to rebutting evidence; but this rule is not inflexible. It is in the discretion of the judge whether or not the plaintiff shall be permitted to produce original and direct evidence on his part.

Where the defendant had taken money in coin belonging to the intestate of the plaintiff, administrator, and attempted to justify the taking and retention of such money on the ground that he was a partner of the intestate, and the money was the proceeds of the alleged partnership adventure, which fact of partnership he had attempted to establish by parol; and after he had gone through with his evidence to establish such partnership, it was proved that the contract on which he based such partnership was in writing and in his possession. *Held,* that the parol proof so given should be excluded, unless the defendant would produce the written contract, or account for its non-production.

This was an action brought by the defendant in error against the plaintiff in error for money had and received. The material facts appear in the opinion of the court. On the trial of the case below, various exceptions were taken to the ruling of the judge, all of which important to be noticed, are stated in the opinion. The plaintiff below had judgment, which is removed here by writ of error.

*J. H. Knowlton & J. T. Mills,* for the plaintiff in error.

*O. Cole,* for the defendant in error.

*By the Court,* SMITH, J. A number of errors are

June Term
1854.

Campbell
vs.
Moore.

assigned in this case, arising out of exceptions taken to the ruling of the circuit judge on the trial, both in relation to the admission of evidence, and his instructions to the jury. We have not time to notice them in detail.

It seems that in the spring or summer of the year 1849, the intestate of the plaintiff below, went to California from Platteville, in Grant county, where he had for some time resided. Campbell, the defendant below, aided him somewhat in his outfit, at least to the extent of a box of medicines valued at about thirty dollars. In the year 1850, Locke returned as far as Galena, on his way to Platteville, where he was taken sick and suddenly died, having in his possession at the time, some $1,500. Campbell took possession of the money under pretence of safely carrying it to Platteville, whither the corpse, attended by the widow, Campbell, and others, was conveyed. After their arrival at Platteville, Campbell refused to deliver the money or any part of it to the widow, claiming a joint interest in it, on the ground that he was a partner with Locke.

Evidence was introduced by the defendant below to show, that previous to the departure of Locke, an agreement was entered into between him and Campbell, by the terms of which, Campbell was to aid Locke in his outfit, and to board and take care of his wife and child while he was gone, and Locke was to give him one half of what he should make in California.

On the trial the plaintiff proved the taking of the money, viz: pieces of gold coin, of the denomination mostly of $20 ; amounting to some $1,500 ; also, a demand and refusal. The defendant then attempted

to prove and establish a partnership between himself and Locke, to justify his retention of the money as surviving partner. To this end several witnesses were sworn and testified in regard to the agreement between Campbell and Locke, and several letters were introduced, written by Locke while in California, to Campbell. The wife of Locke boarded awhile with Campbell, and then went to live with her mother.

After the testimony was closed on the part of the defendant, the plaintiff called a witness named Samuel Moore, and offered to prove by him that Campbell had acknowledged that the contract between him and Locke was in writing, and that he had it in his possession. This was objected to by the defendant on the ground that the evidence was not rebutting to any offered by him, but the objection was overruled, and the evidence admitted.

In his charge the circuit judge among other things, instructed the jury as follows : " In making up your verdict, you will entirely disregard all the testimony which has been elicited in your hearing in relation to any contract between the defendant and the deceased, Edmund T. Locke. as to the California expedition of Locke, whether of partnership or otherwise, if you believe from the testimony of Sam'l Moore that such contract was in writing, and in the possession of Campbell.

If this instruction was regarded by the jury, and they believed the witness Moore, it must have been decisive of their verdict, for there was no evidence of any defence whatsoever, except the parol evidence of the contract between Campbell and Locke. It does not therefore seem necessary to devote time and labor to a written discussion of the other questions

50

raised. If this instruction be correct, the verdict and judgment are right. If it be erroneous, it may, and probably did mislead the jury, and the case must go back for a new trial.

Was the evidence of Moore properly admitted, and was the instruction of the court to the jury correctly given? The rule is, that the best evidence which the nature of the case admits, shall be produced. Written evidence is of a higher and more certain character than parol. The establishment of a contract between Locke and Campbell, was solely matter of defence. The defendant, relying upon the alleged contract as his only justification for taking and holding the money found in Locke's possession at his death, was bound to prove such contract affirmatively, and by the best evidence within his reach. He attempted to establish its existence and character by parol. Locke was dead, and the administrator could not be supposed to know that better evidence existed. When therefore, it became apparent, if it did, to the court, that the contract, whatever it was, was in writing, and in the possession of the defendant, the parol testimony already given, might have been at once excluded. And we think the court might, and should have determined that the proof did show that the contract was in writing, and so have excluded the parol testimony from the jury. But he left it to the jury to find the fact. Of this error the defendant could not complain. The court was asked to exclude the parol proof, but the defendant objected. It was fair to presume that if the written contract would have sustained the defence, it would have been produced, and to infer from the fact of its non-production, that the contrary would have been its effect.

But it is objected, that the court erred in receiving

the evidence of Moore at the time it was offered, because it was not rebutting to any evidence given by the defendant. The general rule doubtless is, that after the evidence of the defendant is closed, the plaintiff will be confined to rebutting evidence. But the rule is not inflexible. It is in the discretion of the judge whether the plaintiff may or may not produce original or direct evidence on his part. Sometimes counsel by mere oversight, may omit to prove some matter, technical in its character or otherwise, essential to sustain the cause of action. Some fact not within the knowledge of counsel at the time, may come to light after he has rested his case. In such, and similar cases, the judge may, in his discretion, admit or refer the evidence. And it would seem that when a defendant is seeking to justify the seizure of a dead man's property, on the ground of partnership relation with the deceased, and proceeds to establish his position by parol proof, consisting almost entirely of alleged admissions of the deceased, while he has all the while the contract in writing and in his own possession, the judge might well interpose his discretionary power, and compel the defendant to produce the written, or lose the benefit of the parol evidence. The discretion was rightly exercised, and the defendant should have produced the written contract, or denied in some way its existence, or accounted for its non-production

But it is said this testimony was not rebutting, while *as such* it was offered and received, and not as direct. It is of little consequence by what name it was called. It was competent in its character, and

JUNE TERM
1854.

Campbell
vs.
Moore.

there was no error in the exercise of the discretion by which it was admitted.

The testimony of Sam'l Moore was sufficient to authorize the judge to arrest the defence at once, and to withdraw the parol evidence from the jury altogether. This would have left the defence unsupported by proof, for if the contract was in writing, and could be produced, the letters of Locke were no more competent to prove it, than his admissions proved by the mouth of witnesses. The submission of the evidence of Moore to the jury, therefore, could work no injury to the defendant, and certainly if the contract was in writing, and in the defendant's possession, the jury ought not to consider the parol evidence, which had been permitted under the supposition that the contract was merely verbal.

The defendant may have claims upon the estate of Locke, and a mode of compensation may be fixed by contract for the support of Locke's wife and child. These are matters not now to be considered, nor is it necessary to discuss the numerous other points raised on the argument in this case. The view we have taken of the principal and decisive error alleged is conclusive, for if the parol proof of a contract was properly excluded, then it is immaterial what instructions were given upon mere hypothetical propositions, unsupported by any evidence.

The judgment of the Circuit Court is affirmed, with costs.