ORR and another vs. LeClair and another.

*April 5 — May 10, 1882.*

PRACTICE: EVIDENCE. *(1) Oral evidence of written contract: when objection thereto may be taken.*
ACCOUNT STATED: JURISDICTION OF J. P. *(2) Account stated binding. (3) Amount of balance determines jurisdiction.*

1. Where the fact of an assignment of the claim in suit to the plaintiff is in issue, and oral evidence of such an assignment has been admitted on plaintiff's behalf without objection, but it appears on cross examination that the assignment was *in writing,* and no reason is shown for plaintiff's failure to introduce it, defendant is entitled, on motion, to have the oral evidence stricken out.
2. A settlement or account stated is binding on the parties until set aside for fraud or mistake.
3. Where the balance against one of the parties on an account stated is less than $200, an action therefor will lie in justice's court, whatever may have been the amount involved in the original account.

APPEAL from the Circuit Court for *Oconto* County.

The defendants appealed from an order of the circuit court. The case is stated in the opinion.

The cause was submitted on the brief of *H. H. Woodmansee* for the appellants, and that of *A. Reinhart* for the respondents.

COLE, C. J. This action was commenced in a justice's court to recover the balance due upon an account stated. It was alleged in the complaint that the account originally belonged to Orr, Newell & Co., who assigned it to Hunter Orr & Co., and that the latter firm had duly transferred it to the plaintiffs. The answer was a general denial. On the trial, on appeal, in the circuit court, a witness, Hunter Orr, testified on behalf of the plaintiffs in respect to a settlement of the accounts between the firm of Orr, Newell & Co. and the defendants. Among other things he stated that the account in

suit had been assigned, and on cross examination the witness disclosed the fact that these assignments were in writing. Thereupon the defendants' counsel moved to strike out all the parol evidence in regard to the assignments, which motion was denied. In deciding the motion the learned circuit judge said that if the objection to the parol evidence of the assignments had been taken at the proper time he should have sustained it, but that the defendants' counsel should have asked the witness, while he was testifying about the assignments, whether they were in writing, and, if it appeared that they were, should have insisted that the written assignments be produced as being the best evidence. In other words, the court, in effect, ruled that because parol testimony of the assignment had been admitted without objection, the motion to strike out such testimony came too late. We think this view of the circuit court was erroneous. The court took quite too restricted a view of the matter in holding, as it did, that the question should have been asked the witness at the outset whether the assignments were in writing or not, and that, as this was not done, the objection to the parol evidence was waived.

It is a general rule, and one very salutary in the administration of justice, that a party who seeks to establish a fact must do so by the best evidence within his power. He is not permitted to give secondary evidence of the contents of a written instrument when the writing itself is within his reach or under his control. It is needless to remark that the written instrument was the appropriate evidence of the assignment. Said a great common law judge, when considering this question: " I have always acted most strictly on the rule that what is in writing shall only be proved by the writing itself." Lord TENTERDEN, in *Vincent v. Cole*, 1 Moody & Mal., 257. Presumably the written assignments were within reach of the plaintiffs. They should have been required to produce them, and should not have been permitted to prove their con-

Orr and another vs. LeClair and another.

tents by parol. It is not to be assumed that the defendants knew that the assignments were in writing until that fact was disclosed on the cross examination of the witness. The answer put in issue the assignment of the account to the plaintiffs as well as the other facts stated in the complaint; and as soon as it appeared that the assignments were in writing, the defendants moved to strike out the parol evidence of the fact. This was the only course open to them in order to compel the plaintiffs to produce the best evidence of the fact which they sought to establish. The cases of *Cumpbell v. Moore*, 3 Wis., 767, and *Diener v. Diener*, 5 Wis., 483, are authorities to show that the motion to strike out should have been granted.

On the question of jurisdiction our views are adverse to the defendants. They claim that the action involved the examination of an account exceeding $500; and therefore that the justice had no jurisdiction to try it. But the complaint is upon an account stated, and there is ample evidence tending to prove that the defendants and the firm of Orr, Newell & Co. had settled their accounts and ascertained the balance due. The witness Hunter Orr testified that he was present when the last settlement was made, and that one of the defendants was likewise present. At that time the balance found due the firm of Orr, Newell & Co. was $35.03. There was really no effort made to impeach the correctness of that settlement, and we suppose it is binding on the parties to it until set aside for fraud or mistake. Such being the case, it is plain that it was unnecessary to investigate any of the accounts or dealings of the parties antecedent to this settlement; for the parties had had an accounting, and had ascertained the balance due. But for the error of the court above noticed there must be a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.