Hawley vs. Harran.

HAWLEY, Respondent, vs. HARRAN, Appellant.

*March 17 — April 9, 1891.*

*Action for balance of account: Amendment surcharging account: Exception.*

1. Where an action is in part based upon a balance of account, which it is claimed the defendant promised to pay, and the plaintiff only offers proof of the presentation of the account to defendant, and his payment of part and promise to pay the balance, without attempting to prove the correctness of the account, the only issue is upon such promise. That makes it more than a mere account stated, and it can only be defeated by proof that the promise was induced by fraud.

2. In such a case the defendant should not be allowed to introduce evidence to surcharge the account of which that was a balance, for the mere purpose of showing its incorrectness.

3. It is not error, in such a case, to refuse to allow defendant to amend his answer at the trial so as to allege mistake in such balance of account, when he might have offered proofs of mistake without amending, but did not do so; especially where the proposed amendment is vague and indefinite, and failed to state the alleged mistakes or by whom they were made.

4. An exception, that the court erred in treating the action as one upon an account stated, cannot apply to an instruction that the plaintiff's action rests not merely upon an account stated but upon an express promise to pay the balance, but such exception operates as a waiver of any error therein.

APPEAL from the Circuit Court for *Brown* County. The case is fully stated in the opinion.

For the appellant there was a brief by *John C. & A. C. Neville*, and oral argument by *A. C. Neville*. They argued that evidence should have been admitted to show fraud or mistake in the account stated. *Perkins v. Hart*, 11 Wheat. 237; *Lockwood v. Thorne*, 18 N. Y. 285; *Champion v. Joslyn*, 44 id. 653; 2 Greenleaf's Ev. sec. 128; *Bouslog v. Garrett*, 39 Ind. 338. The amendment to surcharge the account should have been allowed. It could not have surprised the plaintiff, the evidence being in his possession in court. *Hodge v. Sawyer*, 34 Wis. 397; *Miller v. Spalding*, 41 id. 221; *Boothby v. Scales*, 27 id. 626.

For the respondent there was a brief by *Greene & Vroman*, and oral argument by *Charles E. Vroman*.

ORTON, J. The account filed before the justice, as the plaintiff's cause of action, consisted of an item of $69.14 on account of the steamer Green Bay, 1886 and 1887, due September 1, 1887, and of a few items of freight charges on account of said steamer, in the following months of October and November, amounting in all to the sum of $37.65. The defendant answered by a general denial, payment, and a counterclaim for $150. The defendant recovered a judgment before the justice, and the plaintiff appealed to the circuit court, where the plaintiff recovered the whole amount of his claim, with interest, and the defendant has appealed to this court. It was proved on behalf of the plaintiff that the said first item of the account, of $69.14, was the balance of an account between the parties, and that the defendant promised to pay it, and that the subsequent charges were correct, and admitted to be correct, by the defendant. The main and only material questions of law raised on the trial were (1) whether the defendant should be permitted to surcharge the account of which said first item of $69.14 was

the balance unpaid, and so promised to be paid, and show its incorrectness; and (2) whether the defendant should be permitted "to amend his answer, so as to surcharge the accounts, to show mistake." The offers of the defendant to, this effect were objected to by the plaintiff, and the objections were sustained by the court. The defendant, as a witness, denied that he promised to pay said balance, and introduced testimony tending to show the correctness of his counterclaim and the incorrectness of the plaintiff's subsequent account. The jury found a verdict in favor of the plaintiff, for his entire claim and interest, and such verdict appears to have been sustained by the evidence.

As to the first above question, the court was clearly correct in not allowing the defendant to surcharge the account of which the first item was the balance, for the mere purpose of showing it incorrect. The testimony of the plaint-iff in respect to that item was that it was the balance of an account, and that the defendant promised to pay it. The account itself was not proved, and the plaintiff did not attempt to prove its correctness, but submitted that item on his testimony that the defendant promised to pay it, so that the only issue for the defendant to meet in respect to that item of the plaintiff's account was whether he promised to pay it or not. Treating it as merely an account stated, it was conclusive upon both parties, and was impeachable only for fraud or mistake. *Martin v. Beckwith*, 4 Wis. 219; *Orr v. Le Clair*, 55 Wis. 93; *Hill v. Durand*, 58 Wis. 160. But this was more than a mere account stated, the correctness of which had been assented to. There was an unconditional promise to pay the amount, according to the testimony of the plaintiff. That promise was based on a good consideration, and was a good cause of action in itself. It could be avoided only by proof that the defendant was induced to make the promise by fraud. *Miller v. Chippewa Co.* 58 Wis. 630.

As to the second question above stated, whether the defendant should have been allowed to amend his answer, so as to surcharge the accounts, to show mistake, we do not think it was error in the court to refuse such an amendment at that stage of the trial. The learned counsel of the appellant had offered to prove that there were errors in said account, and that it was incorrect, and they could as well have offered to prove mistakes therein without answer, and they did not offer any such proof. The proposed answer was very vague and indefinite, and failed to state wherein any mistakes had been committed, and who had made any mistake. The exercise of the power to allow amendments, conferred by statute, rests in the sound discretion of the courts. *Fogarty v. Horrigan,* 28 Wis. 142; *Eldred v. Oconto Co.* 30 Wis. 206. We do not think it was an abuse of such discretion to refuse the amendment. It is doubtful whether proof of mistake in the original account would avail against an unconditional promise of the defendant to pay the plaintiff the amount stated as the balance thereof. Such a promise, based on the original account, as the consideration thereof, constituted a new and express contract between the parties; and it is doubtful whether anything other than fraud could defeat such a contract, or whether a mistake, in respect to the consideration thereof, would be a defense against it in an action at law. The court instructed the jury, in effect, that said first item of the plaintiff's account rested on the defendant's promise to pay it, and that, if the jury should find that no such promise was made, the plaintiff could not recover the same, because he had not gone into or attempted to prove the original account on which the promise was based. It does not appear that there was any exception taken to this instruction, or to any other, by the defendant's counsel.

The sixth ground of the motion of the defendant for a new trial on the minutes of the court is " that the court

erred in treating the action as one upon an account stated in the charge to the jury." That will scarcely answer as an exception to the above instruction, relating not only to an account stated in reference to said first item, but also to a *promise* to pay it. The instruction makes the said item depend entirely upon such promise of the defendant to pay it. The court stated to the jury also that there had been some testimony in respect to the original account on which said promise is based, but that it had nothing whatever to do in this case by way of showing the balance of the account. The learned counsel of the appellant not having excepted to these instructions, it was a waiver of the pretended errors. There was an exception taken to the rejection of some evidence in relation to the proper charge for some of the items of freight, in the subsequent account of the plaintiff, but the defendant as a witness testified fully as to such charges, and the rejection was not material. Besides this, the plaintiff proved that the various items of that account were agreed and assented to by the defendant. If the testimony rejected had been received, it could not have reasonably affected the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.