PRESTON and another, Respondents, vs. LA BELLE VIEW CORPORATION, imp., Appellant.

*January 12—February 8, 1927.*

*Appeal: Weight accorded findings of referee approved by court: Cost-plus contracts: Account stated: Overcharge due to clerical error.*

1. Findings of a referee that construction work was done under a cost-plus contract, sustained by ample evidence in the record and adopted by the trial court, cannot be disturbed by the supreme court. p. 170.

2. The evidence in an action on a cost-plus contract is *held* to establish that all the labor employed was to receive pay at the uniform rate of ninety cents an hour, and that such agreement was recognized in an account stated between the parties. p. 171.

3. Evidence showing that the contractor submitted a bill to the owner in September, no objections thereto being made until the following February, and there being a subsequent recognition of the correctness of the account, with a promise to pay, is *held* to establish a full account stated, with a presumption as to the correctness of the claim, which cannot be overcome except by fraud or mistake.   pp. 171–173.

4. An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect thereof and promising payment.   p. 172.

5. A clerical error in an account stated, resulting in an overcharge which was allowed in the judgment, will be allowed on the account as stated, but such error will not affect the balance of the account.   p. 173.

APPEAL from a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Modified and affirmed.*

*Alvin G. Brendemuehl* of Oconomowoc, for the appellant.

For the respondents there was a brief by *Shannon & Cronin* of Oconomowoc, and oral argument by *T. T. Cronin.*

DOERFLER, J.   The defendant *La Belle View Corporation* in the spring of 1923 was the owner of a large country home in the city of Oconomowoc, which it desired to rebuild and convert into a number of flats, and with this object in view one Kersten, who was one of defendant's principal officers and its principal stockholder, negotiated with the plaintiffs, who are carpenter contractors, to do the rebuilding.   Plaintiffs submitted estimates of the probable cost, and apparently were willing to do the work and to furnish the necessary materials, either pursuant to a definite, fixed contract or on the basis of ninety cents per hour for labor, and the cost of material, plus ten per cent.   The plaintiffs allege in their complaint that the latter was the plan agreed upon, and that under such plan the balance named in the complaint is due.

The principal issue tried before the referee, to whom this case was referred, involved a determination of which plan was actually agreed upon, and the referee found in plaintiffs' favor, and such finding was subsequently confirmed by the court.

There is ample evidence in the record to support the findings of the referee, which were also adopted by the court, and the judgment cannot therefore be disturbed on that point. It is sufficient here to say that the books of the plaintiffs on this particular job were kept upon the basis of a cost-plus percentage agreement as to material, and a definite price to be charged for labor. There is also ample testimony that in every instance where a contract is accepted for a definite sum such a contract is entered by the plaintiffs in a special book kept for that purpose, and that the estimate book of the plaintiffs did not show the entry of such a contract. Furthermore, it appears from the evidence that while plaintiffs were engaged in the work of remodeling and reconstructing this country home the defendant furnished labor to assist in part in such work, without making any charge whatsoever to the plaintiffs therefor, conclusively showing its object to be the diminution of the cost. Aside from this, there was direct testimony to the effect that the cost-plus percentage and definite cost for labor per hour plan was adopted.

Under the agreement as found by the referee and as adopted by the court the labor furnished by the plaintiffs was to be paid for at the rate of ninety cents per hour. The defendant contended that, assuming that the agreement was as claimed by the plaintiffs, such agreement called for experienced and skilled labor, and inasmuch as two of plaintiffs' employees engaged upon the job were apprentices, their labor should not have been charged at the regular rate, but at the rate ordinarily paid for such apprentices. One of these apprentices had had considerable experience in the carpenter trade, and there is evidence in the record to the effect

that by reason of his experience and ability he was nigh the equivalent of a regular mechanic. The other apprentice, while concededly a good and willing worker, lacked experience, and it is conceded that he could not command the regular price of carpenters in the labor market. However, it was shown that *Lange,* one of the plaintiffs, was a man of unusual experience, not only able to do the carpenter work on the job, but also to act as a superintendent in laying out the work and in supervising it, and that labor of this kind was worth as high as $1.25 per hour. At any rate, while this work, which consumed almost five months in performance, was being done, Kersten, the manager of the defendant corporation, was engaged in installing the plumbing in the building. He daily observed the progress of the work and the work which the plaintiffs' various employees were performing. He raised no question whatever as to the amount which was to be allowed to these apprentices during all this time, and no objection to the charge for the labor and these apprentices was interposed until shortly prior to the commencement of the action. Furthermore, the referee found, and such finding was adopted by the court, that in February, 1924, the parties agreed upon the amount due to the plaintiffs, which is the amount ultimately awarded in the judgment, and that the defendant agreed to pay the same. In other words, the referee found an account stated, and this finding was also adopted by the court. Under these circumstances, the conclusion is established by the acts of the parties that all of the labor employed was to receive pay according to the uniform rate agreed upon, of ninety cents per hour, and also that such agreement was recognized in the account stated.

Upon the completion of the work a specified bill was rendered to the defendant in the month of September, 1923. Such statement was accepted by the defendant, and no objection was raised thereto until shortly before the commence-

ment of the action.  The principal difficulty encountered by
the defendant consisted in its lack of ready means to pay the
plaintiffs for their work and material.  When the time lim-
ited for filing a mechanic's lien was about to expire the
plaintiffs became anxious, and a meeting was held in the
month of February, 1924, in plaintiffs' office, which was at-
tended by the plaintiffs, plaintiffs' bookkeeper, Kersten, one
of the principal officers of the defendant, and a relative of
his by the name of Steinkraus.  At that meeting Kersten re-
quested that the amount of the balance be shown him as it
appeared upon plaintiffs' books, and to this request Baker,
plaintiffs' bookkeeper, responded by exhibiting to Kersten
the balance as shown upon such books.  A plan for settle-
ment of plaintiffs' account was then discussed, and it was
proposed by Kersten that the defendant company negotiate
a new mortgage upon this property to secure several notes,
one of which was to be in the sum of $2,000, and to be trans-
ferred to the plaintiffs in payment of that amount on the con-
tract.  Plaintiffs objected to this amount, but proposed that
a note be executed for the sum of $1,500, with the under-
standing that the balance due was to be paid in cash.  Ac-
cording to the testimony of both of the plaintiffs and of the
bookkeeper, this agreement was accepted by the plaintiffs,
and the defendant consented to make payment in this man-
ner.

While there is some dispute in the evidence upon what oc-
curred at this meeting, we are satisfied that the evidence pre-
ponderates in favor of the plaintiffs in that behalf; at any
rate, the referee having found an account stated under all the
evidence, and the court having adopted such finding, it cer-
tainly cannot be said that it is contrary to the clear prepon-
derance of the evidence.

"An account stated is an agreement between persons who
have had previous transactions, fixing the amount due in re-

spect of such transactions and promising payment." 1 Ency. Pl. & Pr. 87, and cases cited in note. See, also, 1 Am. & Eng. Ency. of Law (1st ed.) 110, and cases cited in note.

"To make an account stated there must be a mutual agreement between the parties as to the allowance or disallowance of their respective claims; and to establish such an account so as to preclude a party from impeaching it, say for fraud or mistake, there must be proof of assent to the account as rendered, either express or implied from failure to object within a reasonable time after presentation." 1 Am. & Eng. Ency. of Law (1st ed.) 113.

In this case we have, therefore, a bill rendered in September; no objections to the bill until some time after February of the following year; besides, a recognition of the correctness of the account in February and a promise to pay the same. In other words, we have a full account stated. This account stated establishes the plaintiffs' claim presumptively, and the presumption cannot be overcome unless fraud or mistake is shown.

The defendant in part attempted to impeach this account upon the theory that the plaintiffs did not credit the defendant with a five per cent. discount alleged to have been received by the plaintiffs from the lumber company from which they purchased the lumber. The evidence, however, does not disclose to any degree of satisfaction that such five per cent. discount was actually received. Therefore the account was not impeached, excepting as hereinafter mentioned.

The account, however, contained a conceded clerical error, which resulted in an overcharge of $9.08 in favor of the plaintiffs. This amount should be allowed to the defendant on the account as stated, but such clerical error does not affect the balance of the account. 1 Am. & Eng. Ency. of Law (1st ed.) 127, and cases cited in note.

We therefore conclude, first, that the account stated as alleged, with the exception noted, must stand; and second,

that, independent of the account stated, the plaintiffs are entitled to recover the amount claimed in the complaint, minus only the amount of the clerical error heretofore referred to.

*By the Court.*—The judgment of the lower court is modified as indicated in the opinion, and as modified is affirmed, with costs to respondents.