UNITED STATES of America,
Plaintiff,

v.

John A. MACKEY, Defendant.

Crim. No. 556–63.

United States District Court
District of Columbia.

Jan. 15, 1965.

Harold Titus, Asst. U. S. Atty., for District of Columbia, Washington, D. C., for the Government.

William F. McGraw, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The Court has before it at this time a motion made by counsel for the defendant for the production and inspection of certain documents relating to the activities of officers of the Metropolitan Police Department of Washington, D. C. This motion is made in connection with an order of the Court of Appeals remanding this case for a supplemental hearing on the question of the reasonableness *vel non* of the interval occurring between the commission of the offenses of which appellant was convicted and the appellant's arrest therefor and its effect, if any, on the defense of the case and whether there was a denial of the appellant's right to a speedy trial. To place the motion in its proper setting it seems helpful to refer briefly to some of the prior proceedings.

The indictment charges the defendant with violations of the narcotic laws occurring at various dates between October 23, 1962 and February 5, 1963. The original complaint was filed and warrant issued on March 15, 1963. The defendant was arrested on April 10, 1963, and on the same day was brought before the United States Commissioner for a preliminary hearing. At his request the preliminary hearing was continued until May 9th. The indictment in this case was returned on June 18, 1963. The trial had to be delayed because on August 12, 1963 the defendant made a motion for a mental examination, which was granted, and ac-

cordingly the defendant was committed to St. Elizabeths Hospital for examination for a period of 90 days, which was the customary period at that time.

The case was eventually reached for trial on March 3, 1964. The defendant waived a jury trial. He did not contest the commission of the acts with which he was charged, but interposed the defense of insanity. He did not take the stand and did not produce any witnesses except those bearing on the issue of insanity. The testimony on the issue of insanity was presented in the form of a stipulation insofar as the defendant was concerned.

At the trial the defendant moved to dismiss the indictment for lack of a speedy trial. His position was based upon the period that elapsed between the date of the indictment and the trial. The Court denied the motion without elaborating its reasons but referred to the fact that the case could have been tried before the summer recess of 1963 or during the summer were it not for the delay caused by the request for a mental examination. This Court also had in mind the fact that it was clear that there was no prejudice resulting from the alleged delay because the defendant did not contest the facts of the alleged offenses, but interposed the defense of insanity, and was not handicapped in any way in presenting it because of the lapse of time.

This Court also had a question in its own mind as to whether the objection of failure to accord a speedy trial may be raised for the first time at the trial without a prior motion for a trial. In almost every circuit that has passed on this point, it is held that a defendant may not raise this objection unless he at some time or other made an affirmative request for a trial.[1] There are cases in this Circuit, however, in which this objection was sustained even in instances where such a motion had not been made by the defendant. This Court is uncertain whether those cases are to be limited to the unusual facts there presented or whether they lay down a general rule of law that this objection may be interposed for the first time at the trial, even in the absence of a previous demand for a trial. In any event, the Court overruled the objection, the trial proceeded, and the defendant was convicted.

On appeal the same objection was raised and it appears from the appellant's brief that the only period in respect to which the objection was interposed was the lapse of time between the date of the arrest in April 1963 and the date of the trial on March 3, 1964. Counsel for the appellant states that during the oral argument, however, he raised the additional point in the Court of Appeals, which he had not presented to the District Court; namely, that the period from the time of the alleged offenses to the date of the arrest should be considered in determining whether there was a lack of a speedy trial. Accordingly, the order of remand, to which reference has already been made, was rendered by the Court of Appeals. The Court observes that the panel consisted of three Judges, but that one of the three did not partici-

1. United States v. Lustman (C.A.2d) 258 F.2d 475, 478, cert. den. (1958), 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109; United States v. Van Allen, C.A.2, 288 F.2d 825 (1961), cert. den. 368 U.S. 836, 82 S.Ct. 31, 7 L.Ed.2d 37, rehearing denied 368 U.S. 908, 82 S.Ct. 170, 7 L.Ed.2d 101; United States v. Simmons, C.A.2, 338 F.2d 804; United States v. Hill, C.A.4th, 310 F.2d 601, 603 (1962); Fouts v. United States, C.A.6th, 258 F.2d 402 (1958) cert. den. 358 U.S. 884, 79 S.Ct. 118, 3 L.Ed.2d 113; In re Petition of Sawyer, C.A.7th, 229 F.2d 805, 812 (1956) cert. den. (Sawyer v. Barczak) 351 U.S. 966, 76 S.Ct. 1025, 100 L.Ed. 1486, rehearing den. 352 U.S. 860, 77 S. Ct. 24, 1 L.Ed.2d 70; Mack v. United States, C.A.8th, 326 F.2d 481, 486 (1964) cert. den. 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309; Campodonico v. United States, C.A.9th, 222 F.2d 310, 316, cert. den. 350 U.S. 831, 76 S.Ct. 65, 100 L.Ed. 742 (1955); Fowler v. Hunter, C.A.10th, 164 F.2d 668, 670, cert. den. 333 U.S. 868, 68 S.Ct. 785, 92 L.Ed. 1146.

pate in the proceeding. Consequently, only two Judges approved the order.

This Court wonders whether this order was not made inadvertently, and it says so without intending any criticism of the Court of Appeals, for all human beings, including Judges, occasionally inadvertently make mistakes. The reason why this Court is perplexed is that it is the law of this Circuit, laid down in Nickens v. United States, 116 U.S.App.D. C. 338, 323 F.2d 808, in no uncertain terms and without any qualification, that any delay between the date of the offense and the commencement of the criminal prosecution is not covered either by Rule 48(b) of the Federal Rules of Criminal Procedure or by the Sixth Amendment, but rather it relates to the running of the applicable statute of limitations. Otherwise, the statute of limitations would be practically repealed by implication. This being the rule in this Circuit, it can be changed only by a decision of the Supreme Court or by a decision of the Court of Appeals *en banc,* because it is the practice of the Court of Appeals, that a decision of a panel cannot be overruled except by the Court *en banc.*

Moreover, the same rule prevails throughout the Federal judicial system. Among the decisions that may be cited as adhering to the same principle as the Nickens case, are Harlow v. United States, 301 F.2d 361, 366, in the Fifth Circuit; Parker v. United States, 252 F. 2d 680, 681, in the Sixth Circuit; Hoopengarner v. United States, 270 F.2d 465, 469, also in the Sixth Circuit; Foley v. United States, 290 F.2d 562, 565, in the Eighth Circuit; and D'Aquino v. United States, 192 F.2d 338, 350, in the Ninth Circuit.

This Court, however, is ready to comply with the order of remand of the Court of Appeals and conduct this hearing even at the risk of its proving futile; and it may be added in passing, that the multiplication of various hearings absorbs so much time of the Judges of this Court as to interfere with the smooth running of the calendar and with according to defendants and other parties a speedy trial.

Counsel for the defendant has filed a motion to require the Government to produce numerous records of the Metropolitan Police Department relating to its internal operations. It must be borne in mind that the courts have no supervisory power over the Metropolitan Police Department because that Department is an agency of the Executive branch of the Government. We must not encroach upon the basic and fundamental principle on which this Government is founded, of a tripartite division of the branches of government. The judiciary is not supreme over the other two branches.[2] If it were, we would cease to have a Republican form of government but would have a government by officials holding under a permanent tenure. This Court had occasion to consider this matter with some degree of particularity, in quite another connection, in the case of United States ex rel. Brookfield v. Stewart, D.C.Cir., 234 F.Supp. 94, at page 98 et seq.

Moreover, the records of law enforcement agencies, such as the Metropolitan Police Department, are regarded as confidential and are not subject to public inspection. This is in the interest of law enforcement both for the protection of the public as well as for the protection of individual members of the public who might be under investigation or who submit information.

The Court will hear evidence, if desired and if necessary, as to the reasons for the alleged interval between the dates

2. Chief Justice Taney stated in Decatur v. Paulding, 14 Pet. 497, 515, 10 L.Ed. 559:
"The interference of the courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief; and we are quite satisfied, that such a power was never intended to be given to them."

434

of the offenses and the date of the arrest and also as to any prejudice that might have resulted to the defendant, although the Court is unable to see any for the reasons heretofore stated; and such a hearing will obviously constitute a compliance with the order of the Court of Appeals.

The motion is denied.