**John Alois KOTT, Petitioner,**

v.

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent.**

**No. C 66–226.**

United States District Court
N. D. Ohio,
Western Division.

April 30, 1968.

———————◆———————

Samuel A. Bleicher, Court appointed counsel, Toledo, Ohio, for petitioner.

Leo J. Conway, Asst. Atty. Gen., State of Ohio, Columbus, Ohio, for respondent.

## MEMORANDUM RE RESPONDENT'S MOTION TO QUASH SUBPOENA

DON J. YOUNG, District Judge.

In this petition for a writ of habeas corpus, counsel for petitioner caused a subpoena *duces tecum* to be issued upon one Captain Ludwig Lonce of the Canton, Ohio, Police Department, requiring the officer to appear before this Court and testify at a deposition proceeding. Captain Lonce was directed to bring with him all police records relating to the arrest, questioning, arraignment, trial, and sentencing of petitioner in 1964 for the crime of grand larceny. Counsel agreed by stipulation that it would be unnecessary to have Captain Lonce appear as custodian of these records, and counsel for respondent brought all the subpoenaed records into Court on the day of the evidentiary hearing. However, before the hearing respondent moved to quash the subpoena on the grounds that the matters contained in the police records were privileged. The Court reserved ruling on the motion until such time as counsel could submit briefs in support on their respective positions on the matter.

Counsel for petitioner caused this subpoena *duces tecum* to be issued under the authority of Rule 45(d) (1) of the Federal Rules of Civil Procedure, which provides for an order commanding the person to be deposed to bring records with him to the deposition. The rule states that when such an order is made, the scope of examination of such records and tangible evidence is limited by Rule 26(b), and that the subpoena is subject to 30(b) and 45(b) when it is in *duces tecum* form. Rule 26(b) is the general rule setting forth the scope of examination in depositions under the Federal Rules of Civil Procedure, and that rule provides in pertinent part:

" * * * [T]he deponent may be examined regarding any matter, not

**1**

privileged, which is relevant to the subject matter involved in the pending action * * *."

Rules 30(b) and 45(b) are the rules granting the Court power, upon motion, to limit, control, or quash the subpoena and deposition altogether if good cause appears. Since counsel by stipulation have obviated the necessity of bringing Captain Lonce in person to be deposed under Rule 45(d) (1), it is possible to view petitioner's discovery attempt as a Rule 34 motion for the production of documents. In addition to setting forth what matter may be discovered, Rule 34 contains the same "not privileged" limitation found in Rule 26(b).

The relevance of the subject matter sought to be discovered by petitioner is not seriously in dispute by the parties in this proceeding. The controversy instead has its focal point upon whether the matter is "privileged" within the meaning of the Federal Rules of Civil Procedure and the status of our decisional law. Respondent takes the position that statements taken by police officers and notations made by them in their records are traditionally privileged matters not subject to discovery in criminal or civil proceedings. Petitioner, however, argues that when good cause is shown in a habeas corpus proceeding why such matter is necessary to fully present and substantiate the petitioner's claims, and the respondent cannot demonstrate why such matter must remain confidential in the specific case at hand, then the documents in issue should be produced for inspection. The only case cited by counsel as authority for their respective positions which is at all analagous to the instant case is United States v. Mackey, 36 F.R.D. 431 (D.C. D.C.1965). In that case, defendant was charged with a violation of narcotics laws, and in the course of the proceedings had moved for production of numerous records of the police department relating to its internal operations. Judge Holtzoff, in denying the motion, pointed out that records of law enforcement agencies are regarded as confidential and not subject to public inspection. While it is true as petitioner contends that one policy ground for the decision was the preservation of the separation of powers between the judicial and the executive branches of our government, this Court does not read the *Mackey* case to uphold the privilege *solely* on that ground. There are other equally broad policy grounds set forth in the opinion for denying the public access to confidential police records. If this Court were to accept petitioner's contention that this privilege should be approached in an *ad hoc* manner, being dissolved when necessity for the privileged information is shown, and no specific reasons for the upholding of the privilege advanced, then the underlying reasons for the existence of the privilege would be thwarted just as fully as if it did not exist. The members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in *all* cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making. The fact that the *Mackey* case involved a full-blown criminal case, whereas the instant litigation is technically civil in nature, does not compel a different result. The reasons for the existence of the privilege do not depend upon, nor are they dissipated by, the nature of the pending litigation in which confidential police records are sought, or the traditional breadth of discovery in civil litigation. Counsel for petitioner has cited to the Court no case wherein the holding in *Mackey* has been controverted, and in the absence of such decisional law, this Court believes that the sound policy reasons dictating the necessity for the existence of the privilege should not be usurped by a holding to the contrary. Respondent's motion to quash the subpoena of the records of the Canton Police Department will be granted. An order will be entered accordingly.