**Albert BALLARD, Plaintiff,**

v.

**Jerald TERRAK, individually and as a police officer of the City of Milwaukee, et al., Defendants.**

**No. 71–C–350.**

United States District Court, E. D. Wisconsin.

June 16, 1972.

Milwaukee Legal Services by Stuart E. Schmitz and James R. Scott, Milwaukee, Wis., for plaintiff.

James B. Brennan, City Atty. by Thomas C. Hayes, Asst. City Atty., Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action brought pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, seeks money damages from three Milwaukee police officers. The plaintiff has subpoenaed Milwaukee police chief, Harold Breier, to testify and produce documents. Chief Breier has petitioned the court for a protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure, which would prevent the plaintiff from discovering the personnel investigative reports which had been prepared by the Milwaukee police department.

As pertinent here, the subpoena would require Chief Breier to produce:

"Any and all records, reports and documents related to the arrest, detention and release of Albert Ballard as a result of the arrest of Albert Ballard on May 31, 1971. Such records, reports and documents shall include but not be limited by the internal investigation conducted by Lt. Moder of the City of Milwaukee Police Department. Records, reports and documents is used in a comprehensive sense and is defined to include without limitation all internal investigations, letters, communications, reports, diaries, instructions, work assignments, notes, notebooks, sketches, drawings, photographs, fingerprints, bloodtests, breathalizer tests, worksheets, statements and all writings of whatever nature."

Chief Breier, who is not a party to this law suit, resists the disclosure of the personnel investigative reports on the grounds that such discovery would impair his ability to obtain the internal reporting necessary to provide for an efficient police force; that the subpoena requires him to bear the plaintiff's discovery burden; and that the investigative reports were prepared under penalty of discipline, with the police officers who were the subject of this investigation being without legal representation.

The police chief is willing to disclose his records "such as conveyance and first aid reports and booking and detention slips." He is also willing to turn over "the duty roster and the names of the defendants and the vehicles and locations to which they were assigned on the day in question." The protective order is sought *only* as to those reports and testimony obtained as a part of a personnel investigation which was instigated by the police chief to enable him "to determine whether disciplinary action should be initiated against any police officers."

I find that Chief Breier's position is correct. Pursuant to Rule 26(c), the movant has shown good cause for an order protecting him from the oppression and burden of the broad discovery sought by the plaintiff. The plaintiff is generally entitled to explore those records maintained by the police department in the ordinary course of its operation, but this does not apply to an internal investigation which was designed to determine whether disciplinary action should be pursued. By analogy, the Wisconsin statutes require open meetings of governmental bodies, but they expressly exclude executive sessions which are designed to consider the discipline of employees. § 66.77(3) (b), Wis. Stats. (1969).

In Kott v. Perini, Superintendent, 283 F.Supp. 1 (N.D.Ohio, 1968), the court said:

"The members of a police department must be able to rely upon their confidential records and notations being preserved for their internal use in *all* cases, for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making."

But cf. Wood v. Breier, 54 F.R.D. 7 (E. D.Wis., decided January 4, 1972).

Therefore, it is ordered that the motion for a protective order be and hereby is granted.