MILWAUKEE JOURNAL, Plaintiff-Appellant,

v.

Patrick L. CALL, City of Mequon Chief of Police, and Fernando Perez, Ozaukee County Sheriff, Defendants-Respondents.

Court of Appeals

*No. 88-2201. Argued September 28, 1989.—Decided November 22, 1989.*

(Also reported in 450 N.W.2d 515.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Eugenia G. Carter* and *Brady C. Williamson* of *LaFollette & Sinykin* and oral argument by *Brady C. Williamson,* of Madison.

On behalf of the defendant-respondent, Patrick L. Call, there was a brief and oral argument by *John A. Meyer* of *Prieve, Meyer & Nestigen,* of Milwaukee.

On behalf of the defendant-respondent, Fernando Perez, there was a brief and oral argument by *John H. Lindquist* of *vonBriesen & Purtell,* of Milwaukee.

On behalf of the State of Wisconsin, there was an amicus brief by *Donald J. Hanaway,* attorney general and *Robert W. Larsen,* assistant attorney general and oral argument by *Robert W. Larsen,* of Madison.

On behalf of the Wisconsin Newspaper Association, Wisconsin Freedom of Information Council and Wisconsin Broadcasters Association, there was an amicus brief by *Jon M. Counsell* and *Gregory B. Conway* of *Liebmann, Conway, Olejniczak & Jerry,* of Green Bay and oral argument by *Gregory B. Conway.*

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J. In this public records case, we revisit the question raised in *Journal/Sentinel, Inc. v. Aagerup*, 145 Wis. 2d 818, 429 N.W.2d 772 (Ct. App. 1988), of what documents may be properly withheld from the public in an unresolved murder investigation. We hold that in this case the trial court did not properly evaluate the sufficiency of the custodians' reasons for denying the Milwaukee Journal access to the documents it sought. We reverse and remand to give the trial court an opportunity to do so.

In July of 1987, Tara Kassens was found dead, presumably the victim of a homicide. No one has yet been charged with her murder, but the police have accumulated a multitude of documents in connection with the case.

In August of 1987, two reporters from the Journal wrote to Ozaukee County Sheriff Perez and City of Mequon Chief of Police Call, custodians of the Kassens file, requesting access to that file pursuant to the Wisconsin Open Records Law. *See* secs. 19.31 through 19.37, Stats. Access was denied. The Journal then instituted this mandamus action.

The Journal moved for summary judgment, arguing that the reasons for denial of access were insufficient. The court denied the motion. It then ordered an *in camera* hearing regarding the records sought. Following an aborted evidentiary hearing and a three-week recess for the custodians' file review, a scheduling conference was held. At that time, Sheriff Perez and Chief of Police Call objected to the Journal's counsel participating in the hearing and file review. The court agreed with Perez and Call and denied the Journal's motion for limited access.

Pursuant to the trial court's order, Perez and Call submitted affidavits describing in some detail why access to each document should be denied to the public.

They also submitted under seal all documents that they claimed were exempt from disclosure. The court thereafter reviewed the documents alone and *in camera.* It found no public interest in release and denied the Journal's request. At the same time, the court denied the Journal's renewed motion for limited access to the documents. The court then dismissed the case and the Journal appeals.

■■

In *Aagerup,* this court set out the two-step process of our review in public records cases. First, we must decide if the trial court correctly assessed whether the custodian's denial of access was made with the requisite specificity. *Aagerup,* 145 Wis. 2d at 821, 429 N.W.2d at 773. Second, we determine whether the stated reasons are sufficient to permit withholding, itself a two-step analysis. *Id.* at 825–26, 429 N.W.2d at 775. Here, our inquiry is: (1) did the trial court make a factual determination supported by the record of whether the documents implicate the public interests in secrecy asserted by the custodians and, if so, (2) do the countervailing interests outweigh the public interest in release.

Our first line of inquiry is directly controlled by *Aagerup.* There, as here, the custodian refused release of approximately one-quarter of an autopsy report on the grounds that it fell within a recognized exception to the open meetings law, specifically crime detection.[1] We held that this was sufficiently specific. *Id.* at 823–24, 429 N.W.2d at 774.

The custodians here did the same. Chief Call cited the documents' status as part of an ongoing criminal

---

[1]Section 19.85(1)(d), Stats., permitting closed meetings regarding strategies for crime detection, is applicable to written records. *Journal/Sentinel, Inc. v. Aagerup,* 145 Wis. 2d 818, 822, 429 N.W.2d 772, 774 (Ct. App. 1988).

investigation that could be prejudiced by disclosure of details. He cited concern for detecting and prosecuting offenders. He cited informant confidentiality. Prejudice to an ongoing criminal investigation, crime detection and informant confidentiality are all specific public policy reasons for confidentiality that meet the specificity requirement. *Aagerup,* 145 Wis. 2d at 826, 429 N.W.2d at 775;[2] *see also Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 437-38, 279 N.W.2d 179, 188-89 (1979).

Sheriff Perez cited crime detection as the only specific protected public interest implicated. As we noted in *Aagerup,* this is a succinct but adequate recital. *Aagerup,* 145 Wis. 2d at 823-24, 429 N.W.2d at 774.

We turn then to the second question in our review: did the trial court make a determination supported by the record regarding whether the public policy interests in secrecy asserted by the custodians are in fact implicated by the documents. We hold that it did not do so.

The trial court conducted an *in camera* proceeding, without the presence of appellant's counsel, in which it reviewed each document and photo. Its decision appears to reflect two factual findings: one, "a great deal of [the documentation] could be released without much chance of apparent harm to the investigation"; two, "it is also clear on the face of other information that its release would be destructive to the investigation." We will

---

[2]Appellants argue that the statutory citations relied on by Chief Call were incorrect and irrelevant. Our concern, however, is with the reasons recited, and not their statutory source. The specificity requirement mandates the recital of public policy reasons for refusing release and mere citation to the exemption statute is not sufficient. *Aagerup,* 145 Wis. 2d at 823, 429 N.W.2d at 774.

uphold a trial court's findings of fact unless they are clearly erroneous. Sec. 805.17(2), Stats.

These findings of fact, however, are insufficient for our review. The record here is voluminous. There is no document-by-document discussion of pertinence in the record. We have reviewed the record, and we are unable to determine which documents constitute those that the trial court thought could be released and those that could not without making our own findings of fact. Ours is an error-correcting, not a fact-finding, tribunal. *See State v. Grawien,* 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985).

When faced with inadequate findings, this court can supplement those findings when the evidence is clear, or remand for further findings when it is not. *See State v. Williams,* 104 Wis. 2d 15, 22, 310 N.W.2d 601, 605 (1981). We conclude that the latter is the appropriate remedy here. Findings as to each document's efficacy as a crime detection tool when secret and/or its ability to reveal an informant's identity are factual. Many of the documents here are cryptic and susceptible of competing inferences as to their value to the investigation. Fact finding and the drawing of inferences are for the trial court. *Onalaska Elec. Heating, Inc. v. Schaller,* 94 Wis. 2d 493, 501, 288 N.W.2d 829, 833 (1980). We would not here be evaluating the determinations of the trial court; we would be second-guessing it instead. Remand is therefore necessary.

Relying on a provision in sec. 19.37(1)(a), Stats.,[3] the Journal next argues that the trial court abused its discretion in denying counsel access to the documents

---

[3]Section 19.37(1)(a), Stats., states, in pertinent part, that "[t]he court may permit the parties or their attorneys to have

for the limited purpose of advocating release. *Assuming that this clause applies to documents before mandamus has issued,* the trial court's decision not to allow counsel for the Journal to participate in the *in camera* document review process was not an abuse of discretion. While expressing "utmost confidence" in counsel, the court was convinced that the more persons with access to vital information, the more possibility for inadvertent release. That determination demonstrates a process of reasoning dependent upon the facts of record and a conclusion based on logical rationale founded upon proper legal standards. *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971).

It is true, as the Journal argues, that counsel would be reviewing the materials inside the judge's chambers, such that inadvertent release of the actual records would be an improbability, especially so in light of the judge's expressed confidence in the attorney. However, the court was concerned about the *unintentional* happening. For example, counsel might make notations for his own records which could possibly be glanced at by the unintended but roving eye. Or, if counsel were to direct a secretary to type a motion pertinent to the review, the possibility of disclosure might increase. Thus, we decide that the court's reason is valid.

Nonetheless, in light of our decision to remand, we note that we know of nothing that prevents the trial court from reevaluating its decision barring appellant's counsel from participation in the *in camera* document review process. We have no quarrel with the trial court's determining that a possibility of inadvertent release militates against allowing the Journal's attorney to review the documents. However, there are cogent reasons for

access to the requested record under restrictions or protective orders as the court deems appropriate."

allowing the advocacy process to take place in this situation. As counsel for the Journal points out, complete denial of access requires that the Journal litigate in the dark. Review could well diminish the number of documents in dispute. Further, review could bring into sharper relief the competing interests implicated. As a practical matter, review could provide this court with a better record from which to evaluate the soundness of the court's findings of fact. In determining whether to allow the Journal's counsel access to the documents on remand, the trial court might be well served to weigh these, and other reasons for counsel to review, against any reasons for denial, including well-founded concerns regarding improper disclosure.

Finally, we find error in the trial court's application of the balancing test. The trial court found that there existed no public interest in releasing these public records. It then found that the slight possibility of harm to the investigation posed by release outweighed a non-existent public interest in disclosure. This is an incorrect application of public records law.

The public records law reflects a legislative determination that the public interest favors inspection of public records. *Hathaway v. Joint School Dist. No. 1,* 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984). The law was intended to be a means by which citizens could more effectively monitor the activities of government. Comment *Public Access to Law Enforcement Records in Wisconsin,* 68 Marq. L. Rev. 705, 714 (1985). There can thus never be occasion for finding "no public interest" in disclosure of such documents; the interest is legislatively presumed. *See Breier,* 89 Wis. 2d at 438, 279 N.W.2d at 189.

Therefore, the trial court, after finding facts as to any public interests in secrecy implicated by the documents, must balance the legislatively presumed interests in openness and public scrutiny against the public policy considerations that weigh against inspection and determine whether the latter are sufficient to outweigh the former. *See Aagerup,* 145 Wis. 2d at 825–27, 429 N.W.2d at 775–76.

Wisconsin courts recognize that records pertinent to ongoing criminal investigations may implicate an overriding public interest in preserving secrecy. *Breier,* 89 Wis. 2d at 438, 279 N.W.2d at 189. If the court finds that the Kassens murder investigation is ongoing and that interests in secrecy are implicated here, it must then determine which is weightier—the legislative presumption of release or the interest in secrecy. If the court concludes that the interests in crime detection outweigh those in openness, the file may remain unavailable to the public. If, however, the court finds that disclosing only a portion of a document or of the file as a whole is prejudicial, it must order that portion alone cloaked from public view. *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 683, 137 N.W.2d 470, 475 (1965).

*By the Court.*—Orders reversed and cause remanded with directions.