LAW OFFICES OF WILLIAM A. PANGMAN &
ASSOCIATES, S.C., Plaintiff-Appellant,

v.

Robert H. ZELLMER, for the City of Milwaukee
Police Department, in his capacity as records cus-
todian, Defendant-Respondent. [Case No. 90–1609.]

LAW OFFICES OF WILLIAM A. PANGMAN &
ASSOCIATES, S.C., Plaintiff-Appellant,

v.

Fred BASTING, for the City of Wauwatosa Police
Department, in his capacity as acting Police Chief and
records custodian; and John Swanson, for the City of
Wauwatosa Police Department, in his capacity as
records supervisor, Defendants-Respondents. [Case No.
90–1630.]

LAW OFFICES OF WILLIAM A. PANGMAN &
ASSOCIATES, S.C., Plaintiff-Appellant,

v.

Richard MASLOWSKI, City Administrator of the City
of Glendale, Defendant-Respondent. [Case No.
90–1630.]

Court of Appeals

*Nos. 90–1609, 90–1630. Submitted on briefs May 7,
1991.—Decided July 23, 1991.*

1070

(Also reported in 473 N.W.2d 538.)

For the plaintiff-appellant the cause was submitted on the briefs of *Law Offices of William A. Pangman & Associates, S.C.,* by *Timothy J. O'Brien,* of Waukesha.

For the defendant-respondents Fred Basting and John Swanson the cause was submitted on the briefs of *Suzanne K. Schalig,* assistant city attorney, of Wauwatosa.

For the defendant-respondent Richard Maslowski the cause was submitted on the briefs of *John F. Fuchs,*

Glendale city attorney and *Marcia A. Snow*, assistant city attorney, of Milwaukee.

For the defendant-respondent Robert H. Zellmer the cause was submitted on the briefs of *Grant F. Langley*, city attorney, by *Scott G. Thomas*, assistant city attorney, of Milwaukee.

Before Moser, P.J., Sullivan and Cane, JJ.

MOSER, P.J. On August 15, 1989, the William A. Pangman & Associates, S.C. (Pangman) law firm requested in writing that the custodian of records of the City of Milwaukee Police Department provide copies of the personnel files of nine police officers pursuant to secs. 19.31–19.37, Stats. Pangman stated that it would pay the costs involved. On September 27, 1989, assistant chief/acting chief LeRoy A. Jahnke (Jahnke), acting in the custodian's, Captain Robert Zellmer's stead, disclosed police department disciplinary orders concerning five of the officers because they were deemed public records pursuant to sec. 62.13(5), Stats. Jahnke, however, refused disclosure of all other personnel file records based on secs. 19.85, 103.13 and 230.15, Stats. Additionally, Jahnke gave reasons for the nondisclosure of the disciplinary records.

On June 22, 1989, Pangman made a similar request for the disclosure of the personnel files of two City of Glendale police officers. On July 18, 1989, Richard Maslowski, the city administrator, as custodian of the records, responded with reasons for nondisclosure, supplemented by the argument that the records requested were exempt records pursuant to sec. 19.85, Stats.

Also on June 22, 1989, Pangman made a similar request for the disclosure of the personnel files of three City of Wauwatosa police officers. On July 10, 1989, Suzanne K. Schalig, assistant city attorney, responded

by citing to Wisconsin Supreme Court decisions that address public policy exemptions from disclosure. On August 3, 1989, Pangman requested the personnel files of two other City of Wauwatosa police officers apparently involved in the arrest of one Paul Henschel. A special city attorney responded to the request stating that all records concerning Henschel were available, including a video tape, but the request for personnel records of the arresting officers was denied as irrelevant, immaterial and frivolous.

In case No. 90-1609, Pangman brought a petition for a writ of mandamus against the City of Milwaukee Police Department records custodian. Pangman also sought a writ of mandamus in case No. 90-1630 against the records custodian of the City of Glendale and the records custodian of the City of Wauwatosa.[1] The records custodians in all cases responded, requesting denial of the mandamus petition. Subsequently, Pangman sought declaratory relief in each case pursuant to sec. 806.04, Stats.

In the City of Milwaukee case, the trial court held that the custodian's denial of access request contained the requisite specificity to warrant nondisclosure. The trial court ruled similarly in the City of Glendale and the City of Wauwatosa case. Both courts held that the respective specific denials of access stated valid public policy interests that outweighed public disclosure of the requested records and denied Pangman's request for declaratory relief.

The City of Milwaukee records custodian disclosed all disciplinary orders against these officers because they

---

[1] The mandamus/declaratory relief cases against both the Cities of Glendale and Wauwatosa were consolidated in the trial court and are consolidated for purposes of this appeal with the City of Milwaukee case.

were matters of public record. He then gave the following specific reasons for denying the balance of the nine police officers' personnel files:

1. The city denied the request for all disciplinary action materials taken or contemplated regardless of source of complaint because disclosure would hinder the police department's ability to conduct thorough, confidential internal personal investigations, including the gathering of statements from members of the department as a condition of their employment and the exceptions noted in sec. 19.85(1)(b), (c) and (f), Stats.

2. The city denied the request to disclose all promotional reviews and personal evaluation reports as they are exempt from disclosure pursuant to secs. 19.85(1)(c), 103.13(2) and (6)(c) and (d), Stats.

3. It further denied disclosure by employing the strictures of sec. 230.13(5), Stats.[2]

4. The city finally cites to *Ballard v. Terrak,* 56 F.R.D. 45 (E.D. Wis. 1972).

The City of Glendale's records custodian's reasons for denial of the information in the two police officers' personnel files are as follows:

1. The city first denied the disclosure of the requested information based on the fact that the exceptions from disclosure of their records primarily result from the incorporation of sec. 19.85(1), Stats., noted in the text of sec. 19.35(1)(a), Stats. The custodian specifically denied disclosure of:

---

[2]Section 230.13(5), Stats. (1987–88), has been incorporated into sec. 230.13(3) by sec. 2523, 1989 Wis. Act. 31.

(a) records concerning dismissal, discipline, licensing or demotion pursuant to sec. 19.85(1)(b), Stats.

(b) records concerning employment, promotion, compensation or performance evaluation pursuant to sec. 19.85(1)(c), Stats.

(c) records of medical, social, financial, personal history or disciplinary data of investigations or contemplated investigations which would have a detrimental effect on the officers or create problems for the investigation pursuant to sec. 19.85(1)(f), Stats.

In so doing, the records custodian specifically considered several other reasons:

1. The custodian did not know of any valid reason the interest to be served by disclosing the records of these two police officers.

2. Maintaining employee record confidentiality is necessary to the day-to-day operation of the municipality as an employer.

3. The custodian also took into consideration the nature of the requester's law practice and noted that supplying this requested information would not appear to lead to "discoverable" or "admissible" evidence. He concluded that public policy would favor release of the above exempt material if the public records law is read as an alternative to the discovery statutes provided in criminal, municipal and traffic codes.

4. In consideration of the above reasons, he concluded that the request contravened public policy, and thus, was not in the interest of the City of Glendale.

1078

The City of Wauwatosa's assistant city attorney denied the request for the personnel file records of three city police officers and gave two policy reasons for the denial:

1. Disclosure of such records could possibly damage the reputations of the police officers whose records were involved, and

2. The city claimed that granting such request would have a chilling effect on law enforcement.

The City of Wauwatosa's special assistant city attorney responded to a second request for the identical personnel records of two other officers by stating that that part of the request for data concerning the arrest of the plaintiff's claimant were available, but refusing to provide the personnel file records of the two arresting officers because such request was "immaterial and irrelevant" and would not be honored because it was "frivolous."

The sole appellate issue is whether the respective trial courts were correct in denying Pangman's request for public disclosure of both disciplinary and performance/promotional evaluation personnel files of the various police officers from the three communities involved.

In public records cases, "a presumption exists that the public has a right to inspect public records, the denial of access is contrary to public interest and is allowed only in an exceptional case, and exceptions to the general rule of disclosure must be narrowly construed."[3] In any case dealing with the denial of public records, the custodian must specifically state the public

---

[3] *State ex rel. Lank v. Rzentkowski*, 141 Wis. 2d 846, 852–53, 416 N.W.2d 635, 637 (Ct. App. 1987) (citations omitted).

policy reasons for the refusal.[4] "[T]here is an absolute right to inspect a public document in the absence of specifically stated sufficient reasons to the contrary."[5] Mere assertion of a statutory exemption by the custodian for nonaccess to public records is insufficient unless coupled with a public policy reason or reasons for refusal.[6] "The duty of the custodian is to specify reasons for nondisclosure and the court's role is to decide whether the reasons asserted [for nondisclosure] are sufficient."[7] "The custodian of the records must satisfy the court that the statutory public-policy presumption in favor of disclosure is outweighed by even more important public-policy considerations."[8] "Whether harm to the public interest from inspection outweighs the public interest in inspection is a question of law,"[9] reviewed independently by an appellate court.

The Wisconsin Supreme Court's most recent teaching in public records cases, that reviews the statutory and common law substantive standards employed by a trial court in affirming a records custodian's denial of access, comprise a two-step process described as follows:

> First, we must decide if the trial court correctly assessed whether the custodian's denial of access was made with the requisite specificity. Second, we deter-

---

[4]See State ex rel. Youmans v. Owens, 28 Wis. 2d 672, 682, 137 N.W.2d 470, 475 (1965).

[5]Beckon v. Emery, 36 Wis. 2d 510, 518, 153 N.W.2d 501, 504 (1967).

[6]See Oshkosh Northwestern Co. v. Oshkosh Library Bd., 125 Wis. 2d 480, 485, 373 N.W.2d 459, 463 (Ct. App. 1985).

[7]Newspapers, Inc. v. Breier, 89 Wis. 2d 417, 427, 279 N.W.2d 179, 184 (1979).

[8]Id.

[9]Id.

mine whether the stated reasons are sufficient to permit withholding, itself a two-step analysis. Here, our inquiry is: (1) did the trial court make a factual determination supported by the record of whether the documents implicate the public interests in secrecy asserted by the custodians and, if so, (2) do the countervailing interests outweigh the public interest in release.[10]

## Case No. 90–1609
## CITY OF MILWAUKEE

The City's response to the requested disclosure of all disciplinary records for the officers in question was to release all the police department orders for discipline for those officers who were subject to such orders. It did so pursuant to sec. 62.13(5), Stats. The City, however, refused to disclose any other information on disciplinary actions taken or contemplated, including, but not limited to, citizens' complaints, reprimands, suspensions, and investigations against the nine officers named. It refused on the basis that the disclosure would seriously hamper "[t]he Milwaukee Police Department's ability to conduct thorough, confidential internal personnel investigations, including the gathering of statements from members of the department as a condition of their employment," and because this information was exempt from disclosure pursuant to secs. 19.35(1) and 19.85(1)(b), (c) and (f), Stats.

Concerning the withholding of the disciplinary records, the trial court held that the custodian's denial was stated with sufficient specificity, and that he prop-

---

[10]*Mayfair Chrysler-Plymouth, Inc. v. Baldarotta,* 162 Wis. 2d 142, 157, 469 N.W.2d 638, 643 (1991) (quoting *Milwaukee Journal v. Call,* 153 Wis. 2d 313, 317, 450 N.W.2d 515, 516 (Ct. App. 1989) (citations omitted)).

erly withheld the information after weighing the public policy interest concerning disclosure versus nondisclosure.

The first step on review is to "decide if the trial court correctly assessed whether the custodian's denial of access was made with the requisite specificity."[11] Here, as noted above, the custodian denied access for two reasons: (1) disclosure would hamper the department's ability to thoroughly investigate allegations of wrongful conduct, and (2) disclosure was exempt pursuant to procedural statutes. We conclude that the reasons given for nondisclosure of the nine police officers' disciplinary records met the specificity requirements and that the trial court correctly assessed them as such.

The second step in the review analysis involves a two-part inquiry. First, "did the trial court make a factual determination supported by the record of whether the documents implicate public interests in secrecy asserted by the custodian[ ]."[12] Here, the custodian's main reason for nondisclosure was that the opening of the disciplinary records to public scrutiny would hamper the department's ability to thoroughly investigate those very charges, because it would inhibit department personnel from giving pertinent confidential statements. We hold that the trial court's factual findings of the denial of release implicates the public interest in secrecy because it appears from the record that the department could not properly investigate such disciplinary complaints without confidentiality prevailing.

The second step of this two-part analysis is for the reviewing court to determine whether the denial of

---

[11]*Id.*
[12]*Id.*

release outweighs the public interest in release.[13] Towards this end, we hold that the public interest in disclosure is outweighed by the department's interests in maintaining the confidentiality of its investigation of disciplinary complaints, whatever the source. This will enable it to thoroughly investigate such complaints free from disclosure. It is patently obvious that the release of such information before resolution of the complaints would have a devastating effect on department morale, and in many instances of publicly pitting officer against officer, and officer against the department. The trial court's determination that the custodian's denial of the release of disciplinary records concerning the City's nine police officers is affirmed.

Next we turn to the custodian's denial of release of all performance and promotional reviews of the nine police officers. The custodian simply denied release explaining statutory exemptions found in secs. 19.35(1) and 19.85(1)(c), Stats. The custodian also denied release pursuant to sec. 103.13, Stats., because such release of disciplinary and performance/promotional personnel file information requires a waiver by the employee. Furthermore, by analogy, the City denied disclosure based upon sec. 230.13(3), Stats., which keeps state employee personnel dismissal, demotion and disciplinary actions closed.[14] Finally, the city simply cited to a federal case employing a federal rule which maintained confidentiality.[15]

Because the custodian gave no reasons other than the employment of exemption statute sec. 19.85, Stats., we reject the trial court's finding that the denial of the

---

[13]*Id.*

[14]*See supra* note 2.

[15]*See Ballard v. Terrak,* 56 F.R.D. 45 (E.D. Wis. 1972).

disclosure of the performance/promotional records was stated with specificity. Mere recitation of the exemption statute is insufficient without providing an added public policy reason for dismissal.[16] We hold that the same result must be had with respect to the custodian's employment of sec. 103.13(2), Stats. Besides that, that statute has no application to the open records law in any respect. It provides employees of any employer with the right to inspect or have their representative inspect their own personnel records covering the areas in which the employer determined the "employe's qualifications for employment, promotion, transfer, additional compensation, termination or other disciplinary action, and medical records."[17] The same is true of the custodian's use of sec. 230.13(3), Stats. That statute concerns state of Wisconsin employees only and provides that the administrators of an agency may keep department employees' personnel records concerning dismissals, demotions and other disciplinary records closed. The application of the statute dealing with possible closure of state employees' personnel records has no application to the facts in this case. The citation to the federal case employing federal rules is especially inapplicable to this case.

We hold that the trial court incorrectly found that the custodian's response was made with the requisite specificity as it affects the personnel records of the nine policemen's performance/promotional reviews. We need go no further, and thus, we reverse the trial court's approval of the custodian's rejection of these open record demands because there is an absolute right to inspect the records in the absence of specifically stated sufficient

---

[16]*See Oshkosh Northwestern Co.,* 125 Wis. 2d at 485, 373 N.W.2d at 463.

[17]Section 103.13(2), Stats.

reasons to the contrary.[18]

The City also argues that a police officer's privacy interest is an important consideration in determining access to personnel files and that there is an overriding public interest in keeping police personnel files confidential. While the members of this panel may agree with that proposition, here the custodian did not make these arguments as specific public policy reasons for refusal. It is not for trial or appellate courts to hypothesize or consider reasons for not permitting inspection which were not presented by the custodian.[19]

We conclude, therefore, that declaratory mandamus is not available concerning the issue of the disciplinary records of the nine identified police officers because the custodian gave valid specific public policy reasons for nonaccess. However, declaratory mandamus must issue for the performance/promotion evaluations of the nine officers because the custodian gave no specific public policy reasons for nondisclosure.

Case No. 90–1630[20]
CITY OF GLENDALE

The custodian of records denied Pangman's request for disclosure of the disciplinary and performance/promotional evaluation records of two of its police officers.

---

[18]*See Beckon,* 36 Wis. 2d at 518, 153 N.W.2d at 504.

[19]*Newspapers, Inc.,* 89 Wis. 2d at 427, 279 N.W.2d at 184 *cited with approval in Mayfair Chrysler-Plymouth,* 162 Wis. 2d at 159–60, 469 N.W.2d at 644.

[20]It must be noted that Pangman appeals from the memorandum opinion of the trial court. Because the City of Wauwatosa does not contest jurisdiction and responds to the appellate issue presented, we treat the memorandum opinion as a final order.

The custodian first cited to the public records law, sec. 19.35(1)(a), Stats., which refers to the exemptions from disclosure noted in sec. 19.85, Stats. These sec. 19.85 exemptions extend to the records of employees when the governmental body considers forms of discipline under subsection (b), performance/promotion evaluations under subsection (c) and financial, medical, or social history under subsection (f). The custodian gave the following additional or complementary reasons for denying disclosure: (1) there is nothing in these two officers' records that suggest the interest to be served by disclosure; (2) contrasting disclosure for the above stated reason to nondisclosure because of necessity to maintain confidentiality for the day-to-day operations of the City as an employer; and (3) the administrator specifically took into consideration the nature of Pangman's law practice, and noted that the information requested does not appear to be "discoverable" or "admissible" evidence as pertains to the proceedings in which the officers were involved with Pangman's clients. The custodian thereby held that nondisclosure was warranted because disclosure in this fashion was not an alternative to the discovery statutes provided in criminal, municipal and traffic codes. The trial court held that the custodian gave specific public policy reasons for denying disclosure. It further held that the Glendale custodian's reasons warranted nondisclosure because disclosure was outweighed by the necessity of nondisclosure.

We agree with the trial court. Its decision noted that Glendale's custodian responded to the disclosure request with the specificity required in denying disclosure. We hold that the reasons given for denial were sufficient to withhold disclosure because the record supports the trial court's fact finding. That public interest in secrecy indicated by the custodian was proper when considering the

day-to-day operations of the City. In addition, the City has an interest in protecting its employees from harassment by responding to what may become an unwarranted use of the officer's respective disciplinary, performance/promotion evaluations and files, by a law firm demanding disclosure as an alternative to the discovery statutes already in place for cases involving ongoing criminal, municipal and traffic codes. Thus, the trial court was correct in concluding that the custodian properly weighed the countervailing interests of nondisclosure against the public interest in release when the custodian gave his reasons for nondisclosure in addition to his use of secs. 19.35(1)(a) and 19.85(1)(b), (c) and (f), Stats. We therefore, affirm the trial court's decision as it relates to nondisclosure of the requested records for the two Glendale police officers' records.

## Case No. 90-1630
## CITY OF WAUWATOSA

Pangman first requested that the Wauwatosa records custodian reveal the disciplinary, performance/promotion evaluations, as well as citizen complaints concerning three City of Wauwatosa police officers. An assistant city attorney answered the request on behalf of the custodian and denied it. She gave two reasons. First, honoring such a request would unduly damage the individual police officers' reputations. Second, it would result in a chilling effect on the ability of officers to enforce the law effectively, thus harming the general public. The assistant district attorney weighed these reasons against disclosure.

At a later date, Pangman requested the same information from the personnel records of two other City of Wauwatosa police officers. A special assistant city attor-

ney responded on behalf of the records custodian deny-
ing disclosure and giving the following reasons: "Your
request . . . is immaterial and irrelevant and the City
will refuse to honor any such request on the belief that
such request is frivolous." As a result, Pangman sought a
mandamus ruling against each denial. This was later
amended to seek relief through declaratory action.

The City's custodian answered the mandamus peti-
tion for the personnel records of all five officers by the
previously stated responses and by adding that these
requests were further subject to nondisclosure through
the exemptions noted in secs. 19.85 and 19.35, Stats.
The custodian also stated that:

> The respondent further alleges affirmatively that the
> legal custodian took into account the common law
> balancing test in which the right of the public of
> access to public records was carefully weighed against
> the interests to be protected by denying access to
> those records before reaching a decision. The respon-
> dent also alleges affirmatively that the employer-
> employee relationship would be seriously affected by
> the public disclosure of personnel files, that the
> employees affected would suffer an unwarranted
> invasion of privacy and that the public's right to the
> highest level of productivity in the area of law
> enforcement would also suffer unwarranted
> damage.[21]

This response incorporates both the reasons given by the
assistant district attorney in the response to Pangman's
first disclosure request and responses made when deny-
ing the subsequent request for disclosure on the latter
two officers.

---

[21]Pangman did not dispute this late response in the trial
court nor does Pangman dispute it on this appeal.

The trial court held that the public policy reasons given by the Wauwatosa custodian which included the statutory exemptions noted in secs. 19.35(1)(a) and 19.85, Stats., met the test of specificity for denying disclosure. It concluded that the records custodian's reasons for nondisclosure outweighed Pangman's right to disclosure.

We agree that Wauwatosa's denial of disclosure was stated with sufficient specificity. In his answer to the mandamus petition, the Wauwatosa custodian employed the above noted statutory procedural exemptions and gave additional public policy reasons for nondisclosures which might harm the reputation of the police officers.[22] The other reason stated was that disclosure would have a chilling effect on law enforcement, thus harming the public. In the trial court and on appeal, Wauwatosa expanded on the latter statement by giving two additional reasons. First, that police officers would choose other employment or make fewer arrests in order to avoid potential embarrassment or humiliation if they knew that the contents of their personnel files might be made public as a result of arrest.[23] The second additional reason addressed the performance/promotional evaluation disclosure request. The custodian contended that if access to those records were had, police supervisors might be less candid in evaluations of law enforcement personnel. This arguably would deprive evaluations of their beneficial corrective functions and thereby, have adverse effects on law enforcement performance and consequently the public.[24]

---

[22]Standing alone this reason might not be sufficient. *See Owens,* 28 Wis. 2d at 684–85, 137 N.W.2d at 476.

[23]*See People v. Norman,* 350 N.Y.S.2d 52, 60 (1973).

[24]*See Kott v. Perini,* 283 F. Supp. 1, 2 (N.D. Ohio 1968).

We additionally hold that the trial court made fac-tual determinations supported by the record of whether the documents implicated public interests in denial of the disclosure of the personnel records of the five officers requested. We further agree that the public's interest in nondisclosure outweighs its interest in disclosure. We therefore, affirm the trial court in case No. 90–1630 as it affects the nondisclosure of the police officers' records in Glendale and Wauwatosa.

*By the Court.*—Order in case No. 90–1609 affirmed in part and reversed in part and order in case No. 90–1630 affirmed.